UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

William F. Kenney

    v.                            Civil No. 20-cv-00207-LM
                                  Opinion No. 2020 DNH 026

United States

**O R D E R**

On November 23, 1992, William Kenney was convicted by a jury of multiple charges, including four counts of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced Kenney to a total of 502 months, including 60 months on each of the 18 U.S.C. § 924(c) convictions, to be served consecutively to each other and consecutively to the sentences on the other convictions. Kenney now requests pursuant to 28 U.S.C. § 2255 that the court vacate one of his convictions under 18 U.S.C. § 924(c) in light of United States v. Davis, 139 S. Ct. 2319 (2019), and resentence him. The government assents to his requested relief.

**STANDARD OF REVIEW**

Under § 2255, a federal prisoner may ask the court to vacate, set aside, or correct a sentence that "was imposed in violation of the Constitution or laws of the United States." 28

U.S.C. § 2255(a).  The burden of proof is on the petitioner.
Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015).

**BACKGROUND**

In April 1992, a grand jury indicted Kenney and his two co-conspirators on thirty-one counts related to a conspiracy to commit a spree of robberies.  In 1993, a jury convicted Kenney on fourteen counts, including four counts of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  See United States v. Kenney, 92-cr-00018-SD-3.  The court sentenced Kenney to a total of 502 months, including 60 months on each of his 18 U.S.C. § 924(c) convictions (for a total of 240 months on the gun charges) to be served consecutively to each other and to the 262 months he received on the non-gun charges.

In 2018, this court resentenced Kenney on his non-gun charges after he filed a successful § 2255 petition based on the unconstitutionality of his career offender designation under Johnson v. United States, 135 S. Ct. 2551 (2015).  See Kenney v. United States, 16-cv—00278-LM, doc. no. 18.  The court resentenced Kenney to serve 155 months on the non-gun charges, and the sentences associated with the gun charges remained unchanged at 240 months.  This reduced his total sentence to 395

2

months.  Id.

Kenney now moves under § 2255 to vacate his sentence on one of his gun convictions under 18 U.S.C. § 924(c)—count 24—and for resentencing.[1]  He argues that his conviction on count 24 cannot stand in light of United States v. Davis, 139 S. Ct. 2319 (2019).  According to Kenney, if he prevails, he will be eligible for immediate release.

**DISCUSSION**

18 U.S.C § 924(c) makes it unlawful to use or carry a firearm during and in relation to any crime of violence or drug-trafficking crime.  See 18 U.S.C. § 924(c)(1)(A).  Violators of this statute face a mandatory minimum sentence of five years in addition to the punishment they receive for the underlying crime.  18 U.S.C. § 924(c)(1)(A)(i).

The statute defines "crime of violence" as any offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[1] Kenney properly sought and received leave from the First Circuit to file this second or successive § 2255 petition.  See doc. no. 2; 28 U.S.C. § 2255(h).

3

18 U.S.C. § 924(c)(3).  Subsection (A) of the definition is referred to as the "elements clause," and subsection (B) is referred to as the "residual clause."  See Davis, 139 S. Ct. at 2324.[2]

In Davis, the Supreme Court held the residual clause to be unconstitutionally vague.  Davis, 139 S. Ct. at 2336.  The holding in Davis is a new substantive rule of constitutional law that applies retroactively to criminal cases that became final before the rule was announced.  See In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019) (holding that Davis announced a new substantive rule that applies retroactively); In re Hammond, 931 F.3d 1032, 1039 (11th Cir. 2019) (same); United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019), as revised (Sept. 30, 2019) (same); see also Welch v. United States, 136 S. Ct. 1257, 1265 (2016) (holding that Johnson decision declaring residual clause in ACCA void for vagueness announced a new substantive rule of constitutional law that has retroactive effect).  Thus, after Davis, Kenney's conviction on count 24 under 18 U.S.C. § 924(c) remains valid only if the predicate offense underlying that

---

[2] The First Circuit refers to the "elements clause" as the "force clause."  See United States v. Cruz-Rivera, 904 F.3d 63, 65 (1st Cir. 2018).

count qualifies as a "crime of violence" under the elements clause.

To evaluate whether a predicate offense qualifies as a "crime of violence" under the elements clause of § 924(c), the court applies the "categorical approach." Cruz-Rivera, 904 F.3d at 66. This means that the court considers "the elements of the crime of conviction, not the facts of how it was committed, and assess[es] whether violent force is an element of the crime." Id. (internal quotation marks omitted).

Kenney's conviction on count 24 was predicated on the underlying offense of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. To prove a conspiracy to commit Hobbs Act robbery, the government must provide evidence of the following elements: (1) the defendant agreed with at least one other person to commit a robbery encompassed by the Hobbs Act, that is, a robbery having an effect on interstate commerce; (2) the defendant had knowledge of the conspiratorial goal; and (3) the defendant joined the conspiracy to bring about that goal. See United States v. Figueroa-Vega, No. CR 07-126(DRD), 2008 WL 11385384, at *11 n.9 (D.P.R. Dec. 18, 2008); see also Brown v. United States, 942 F.3d 1069, 1075 (11th Cir. 2019).

Examining these three elements, it is clear that physical force is not an element of conspiracy to commit Hobbs Act

robbery.  First, the existence of an agreement to commit Hobbs Act robbery does not necessitate the use, attempted use, or threatened use of physical force.  See 18 U.S.C. § 924(c)(3)(A).  Second, a defendant's knowledge of such an agreement does not require the use, attempted use, or threatened use of physical force.  Third, neither a defendant's voluntary participation in the conspiracy, nor his actions to further the conspiracy, require the use, attempted use, or threatened use of physical force.  Thus, none of the elements of conspiracy to commit Hobbs Act robbery includes "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).  This court therefore concludes that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under the "elements clause" of 18 U.S.C. § 924(c)(3)(A).  Several other courts have reached the same conclusion.  See Brown, 942 F.3d at 1075-76; United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019); United States v. Lewis, 907 F.3d 891, 895 (5th Cir. 2018); United States v. Hernandez, 228 F. Supp. 3d 128, 139 (D. Me. 2017); see also Reece, 938 F.3d at 636 (holding that conspiracy to commit federal bank robbery is not a crime of violence under § 924(c)'s elements clause).

In sum, Kenney's conviction on count 24 cannot stand under the "elements clause" definition of "crime of violence" because the predicate offense for count 24—conspiracy to commit Hobbs Act robbery—does not categorically require the use, attempted use, or threatened use of physical force. See 18 U.S.C. § 924(c)(3)(A). Kenney's conviction on count 24 also cannot stand under the "residual clause" definition of "crime of violence" because of the Davis decision. See Davis, 139 S. Ct. at 2336. Consequently, Kenney's conviction on count 24 must be vacated. See Brown, 942 F.3d at 1075-76 (reversing district court's denial of nearly identical § 2255 claim and remanding for resentencing).

**CONCLUSION**

The court grants Kenney's motion to vacate his conviction and sentence on count 24 (doc. no. 1). A resentencing hearing is scheduled for March 9th, 2020 at 11:00 a.m. Seven days prior to the resentencing hearing, on or before March 2nd, the Probation Office shall disclose to the parties and file with the court a supplemental presentence investigation report. The parties shall file any sentencing memoranda five days prior to the resentencing hearing, on or before March 4th. Any responses must be filed three days prior to the hearing, on or before

March 6th.

    SO ORDERED.

                                          _____
                                          Landya McCafferty
                                          United States District Judge

February 21, 2020

cc:   Counsel of Record